ESTHER E. SAWYER *vs.* ALBERT G. PULSIFER.

CORYDON E. SAWYER *vs.* SAME.

Middlesex.　　November 28, 1927. — May 25, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Contributory, In use of way. *Evidence,* Presumptions and burden of proof.

At the trial of an action of tort for personal injuries sustained by a woman when she was struck by an automobile owned and operated by the defendant, there was evidence for the plaintiff that, at about ten o'clock in an evening in May, as she was about to cross a street, she looked both ways and saw no vehicle near her; that she walked across the street until she was between the rails of the more distant of car tracks in the street, when she saw for the first time an automobile about fifteen feet away approaching her swiftly; and that the automobile struck her before she had a chance to get out of the way. *Held,* that the question, whether the plaintiff was in the exercise of due care, was for the jury.

TWO ACTIONS OF TORT, the first for personal injuries sustained by the plaintiff when she was struck by an automobile owned and operated by the defendant, and the second by the husband of the plaintiff in the first action. Writs dated July 17, 1925.

In the Superior Court, the actions were tried together before *Brown,* J. There was evidence for the plaintiff that, at about ten o'clock on an evening in May, as she was about to cross a street on which there usually was considerable traffic,

she looked both ways and saw no vehicle near her; that she walked across the street until she was between the rails of the more distant of the car tracks in the street, when she saw for the first time an automobile about fifteen feet away approaching her swiftly; and that the automobile struck her before she had a chance to get out of the way. The judge denied motions that a verdict be ordered for the defendant in each action. There was a verdict for the plaintiff in the first action in the sum of $12,000 and for the plaintiff in the second action in the sum of $1,375. The defendant alleged exceptions.

*L. A. Mayberry*, (*J. T. Connolly* with him,) for the defendant.
*R. T. Bushnell*, for the plaintiffs.

WAIT, J. In these actions by husband and wife for damages arising out of an accident in which the wife was thrown down and injured by an automobile driven by the defendant, a jury has found for the plaintiffs; and the only question for our determination is, whether the trial judge erred in refusing to order verdicts for the defendant.

The defendant does not dispute that he was owner and driver of the car which struck Mrs. Sawyer, nor that there was testimony which, if believed, would justify a finding that he was negligent. He is, thus, forced to maintain that the evidence as matter of law established contributory negligence on Mrs. Sawyer's part.

No good purpose is served by a statement of the testimony. There was contradiction. It is impossible for us to say that, as matter of law, the jury was bound by it to find the facts which the defendant relies on as proof that Mrs. Sawyer was careless. What she did, how she acted, whether she looked about with proper care or did not, can be determined only by knowing the amount of reliance to be placed upon the witnesses, and by appreciating properly the contribution of interrogating counsel and answering witness to the result. That is for a jury, not for judge or appellate tribunal.

We agree with the trial judge that the evidence did not, as matter of law, require a finding of contributory negligence.

*Exceptions overruled.*